The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford, the briefs on appeal and argument of counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award, except with the modification of findings of fact with respect to causation of the carpal tunnel problems and with respect to the 8% rating. Accordingly, the Opinion and Award by Deputy Commissioner Ford is affirmed with modifications.
* * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 26 Settlement Agreement dated 26 May 1993 appears in the Commission file.
2. On 8 July 8 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date(s) the employer-employee relationship existed between the parties.
4. As of said date(s) Wausau Insurance Co. provided the coverage to the employer as provided under the Act.
5. The plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on 8 July 1992.
6. On said date the plaintiff was earning an average weekly wage of $312.80.
7. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by the accident occurring on July 8, 1992; and,
 b. If so, to what further compensation, if any, is the plaintiff entitled under the Act.
8. The plaintiff returned to full time work on March 8,
9. The parties further stipulate into the record Exhibits 1, 2, 3 and 4 consisting of approximately 11 pages.
At the hearing on September 21, 1993, the parties introduced the following exhibits:
1. Defendants' Exhibit 1, marked D1, consisting of a letter dated August 22, 1992.
2. Defendants' Exhibit 2, marked D2, consisting of a document describing the essential functions of light duty work in red tag area.
3. Defendants' Exhibit 3, marked D3, consisting of a document describing the functions of a cutter.
Subsequent to the hearing on September 21, 1993, the parties entered the following documentation into the record:
1. Deposition of Dr. Tom Rand dated September 24, 1993.
2. Deposition of Dr. Tally E. Lassiter, Jr., dated December 17, 1993.
3. Deposition of Dr. William R. Deans dated November 19, 1993.
4. Deposition of Dr. Michael Kushner dated November 12, 1993.
Based upon all the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. On July 8, 1992, the plaintiff, thirty-three years of age, a high-school graduate who had been working for the defendant-employer for approximately fourteen years, was employed by the defendant-employer as a machine operator at which job he had been working for approximately thirteen years.
2. The duty of the plaintiff as a machine operator was to cut out metal washers which duties required heavy labor.
3. On July 8, 1992, as the plaintiff was performing the duties of his employment and was lifting washers on to his machine, he felt a snapping pop at his left elbow on the inside and a sharp pain in his left arm.
4. He reported this incident to his supervisor and thereafter sought medical care and treatment for his left arm, although he continued to work until July 30, 1992 when he was medically taken out of work because of his left arm condition.
5. Thereafter, the plaintiff continued to receive medical care and treatment from two orthopedic surgeons and two neurologists and ultimately received surgery to his left arm on January 8, 1993 in the nature of a anterior transfer of the left ulnar nerve and carpal tunnel decompression of the left arm having been medically diagnosed as suffering from peripheral polyneuropathy with injury to left ulnar nerve and carpal tunnel syndrome of the left arm.
6. The plaintiff had suffered an injury to his left shoulder in 1988 which is medically considered to have no part in the plaintiff's problems with his left arm and the subject matter of this claim.
7. On March 8, 1993, the plaintiff was medically released to return to work without restrictions and did so return to work, having made a good recovery from his injury and the surgery of January 8, 1993.
8. On July 8, 1992, the plaintiff sustained an injury by accident to his left arm, specifically to his left elbow, arising out of and in the course of the employment with the defendant-employer while performing the duties of his employment.
9. The plaintiff reached maximum medical improvement with respect to his said left arm on March 8, 1993 when he returned to work.
10. The plaintiff has sustained an eight percent permanent partial disability of his left arm, specifically his left elbow, as a result of the incident of July 8, 1992.
11. The plaintiff lost time from work as a result of the said injury from July 30, 1992 to March 8, 1993.
12. The plaintiff was earning an average weekly wage of $312.80 on July 8, 1992.
* * * * * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional:
CONCLUSIONS OF LAW
1. On July 8, 1992, the plaintiff sustained an injury by accident to his left elbow arising out of and in the course of his employment with the defendant-employer.
2. The plaintiff is entitled to temporary total disability compensation benefits from July 30, 1992 to March 8, 1993 at the rate of $208.54 per week.
3. The plaintiff is entitled to permanent partial disability compensation benefits for 19.2 weeks at the rate of $208.54 per week commencing March 8, 1993 for the 8% rating to his left elbow.
4. The defendants are entitled to a credit for compensation paid to the plaintiff subsequent to July 30, 1992 against the compensation herein awarded.
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from July 30, 1992 to March 8, 1993 at the rate of $208.54 per week, less the attorney fee and credit hereinafter provided.
2. The defendants shall pay to the plaintiff permanent partial disability compensation benefits for 19.2 weeks at the rate of $208.54 per week commencing March 8, 1993, for the injury to his left elbow, less the attorney fee and credit hereinafter provided.
3. The defendants shall pay all medical expense resulting from said injury to the left elbow.
4. The defendants are allowed a credit for compensation paid to the plaintiff subsequent to July 30, 1992 against the compensation herein awarded.
5. An attorney fee of 25 percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to Robert A. Farris, Jr. for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
6. The defendants shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER